# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**WILLIAM LYNN JACKSON (# 43577)**     **PETITIONER**

v.     No. 2:06CV24-P-A

**LEPHER JENKINS, ET AL.**     **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of William Lynn Jackson for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the instant petition as untimely filed, and the petitioner has replied. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be dismissed as untimely filed under 28 U.S.C. § 2244(d).

### Facts and Procedural Posture

In 1984, William Lynn Jackson was arrested for robbery with a deadly weapon and kidnapping in DeSoto County, Mississippi. While jailed in DeSoto County, he escaped and fled to Missouri where he was convicted and incarcerated for crimes committed there. Mississippi discovered the petitioner's location, extradited him, and tried him separately for armed robbery and kidnapping in the Circuit Court of DeSoto County, Mississippi. On December 17, 1986, the petitioner was convicted of robbery with a deadly weapon and sentenced as a habitual offender to serve life without parole in the custody of the Mississippi Department of Corrections. The court ordered that sentence be served consecutive to the sentence previously imposed by the Missouri Department of Corrections. On December 11, 1986, the petitioner was convicted of kidnapping and sentenced as a habitual offender to serve thirty years without parole with the Mississippi

Department of Corrections. The court ordered that sentence to be served consecutively to the sentence imposed for the robbery conviction. Commitment papers were filed, and the petitioner was transferred to the Mississippi Department of Corrections to serve his sentences. However, on March 12, 1987, the circuit court entered a corrected sentencing order stating that the court had neglected to indicate in its sentencing orders that the petitioner would begin service of his Mississippi sentences after he had served his Missouri sentence. The corrected sentencing order also provided that the petitioner was to be returned to Missouri for service of his sentence there – and that a detainer be lodged by Mississippi so that the petitioner could be returned to Mississippi upon completion of his Missouri sentence.

The petitioner appealed his convictions and sentences to the Mississippi Supreme Court. On January 11, 1989, and March 15, 1989, respectively, the Mississippi Supreme Court affirmed both convictions. *Jackson v. State*, 536 So. 2d 1362 (Miss. 1989)(Cause No. 58098), *Jackson v. State*, 539 So. 2d 1054 (Miss. 1989)(Cause No. 58382). The petitioner was returned to Mississippi on December 3, 2000, to serve his sentences there.

The petitioner filed a grievance challenging his sentence on January 17, 2001. Thereafter, he completed two of the three steps available in the Mississippi Department of Corrections Administrative Remedy Program ("ARP"). The petitioner received a response from his second step request on October 15, 2001, but he took no further action with ARP thereafter. The petitioner filed a post-conviction application in the supreme court on October 9, 2003. The application was denied by the supreme court on February 12, 2004. He also filed a petition for writ of *habeas corpus* in the Sunflower County Circuit Court on May 4, 2004, which was denied for failure to state a claim. He appealed this decision to the Mississippi Court of Appeals, and

that court dismissed the appeal for lack of jurisdiction on November 15, 2005. *Jackson v. State*, 915 So. 2d 484 (Miss. App. 2005)(No. 2004-CP-01132-COA). The petitioner sought post-conviction relief in the Mississippi Supreme Court on December 30, 2005, and the Supreme Court dismissed the petition as untimely filed. He filed the instant petition for a writ of *habeas corpus* on February 23, 2006.

## Discussion

Resolution of this matter turns on 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

The AEDPA requires a petitioner's federal *habeas corpus* petition to be filed within one

year of the date that petitioner's judgment of conviction becomes final, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *Cantu-Tzin v. Johnson,* 162 F.3d 295 (5th Cir. 1998), *cert denied,* 119 S.Ct. 847 (1999). As discussed below, the court shall give the petitioner the benefit of the factual predicate exception of § 2244 (d)(1)(D), as his claims challenge the lawfulness of his incarceration in Mississippi under a detainer lodged against him with the state of Missouri. Even with the factual predicate exception, the instant petition was not timely filed and shall therefore be dismissed.

In the instant petition, Jackson challenges his December 3, 2000, return to Mississippi to serve his Mississippi sentences. He argues that his incarceration in Mississippi is unlawful because the state of Mississippi effectively pardoned him for his Mississippi crimes when the DeSoto County Circuit Court sent him back to Missouri to complete his sentence in that state. He is not challenging his convictions and sentences; as such, the court shall discuss application of the factual predicate exception of 28 U.S.C. § 2244(d)(1)(D). Even with the benefit of the factual predicate exception, the petitioner's one-year *habeas corpus* limitations period began to run, at the latest, on December 3, 2000, when the petitioner was brought back to Mississippi and placed in the custody of the Mississippi Department of Corrections.

The petitioner filed a grievance challenging his sentence on January 17, 2001. Thereafter, he completed two of the three steps required to complete the administrative remedy process. The petitioner received a response from his second step request on October 15, 2001, but he took no further action with ARP thereafter. Thus, the limitations period was tolled for a period of 271 days – the number of days the petitioner's grievance with ARP was pending (January 17, 2001, through October 15, 2001) – thereby moving the petitioner's federal deadline to September 3,

2002 (one year from December 3, 2000, plus 271 days)[1] unless further tolling were applicable. The petitioner did not file a motion for post-conviction relief – or other collateral relief – on or before August 31, 2002. As such, he is not entitled to additional statutory tolling of the federal *habeas corpus* limitations period, and his petition for *habeas corpus* relief is therefore untimely.

Under the "mailbox rule," Jackson's *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date he delivered the petition to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). Thus, the instant petition was filed sometime between the date it was signed on February 20, 2006, and the date it was received and filed in the district court on February 23, 2006. Giving the petitioner the benefit of the doubt by using the earlier date, the court finds that the petition was filed 1,266 days after the September 3, 2002, filing deadline expired. The petitioner cites no "rare and exceptional" circumstance to warrant equitable tolling, *Ott v. Johnson,* 192 F.3d 510, 513-14 (5th Cir. 1999); as such, the instant petition must be dismissed with prejudice as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 19th day of April, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

---

[1] The actual due date would have been Saturday, August 31, 2002; however, because petitioner's actual due date fell on a Saturday, his federal petition was due on or before the next non-holiday business day which was Tuesday, September 3, 2002.